UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CYNTHIA K. BERRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-CV-488-JED-FHM |
| ) | |
| **TRANSPORTATION DISTRIBUTION** ) | |
| **COMPANY, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

The Court has for its consideration defendant Great West Casualty Company's ("Great West") Motion for Summary Judgment and Brief in Support (Doc. 58). Great West seeks summary judgment based upon its contentions that federal law bars direct joinder of insurance carriers; the mention of insurance coverage is prejudicial to defendant; and plaintiff will not be prejudiced by Great West's dismissal. Plaintiff responds that she has a direct cause of action against Great West under Oklahoma law and cites several cases permitting such causes of action. Great West did not file a reply, but did file a supplemental brief (Doc. 87), as requested by the Court with respect to a now repealed federal regulation cited in the parties' briefing.

### I.  Background

Plaintiff, Cynthia K. Berry, was injured in a motor vehicle accident on June 8, 2010, while traveling on U.S. Highway 64. She claims that the driver of the semi-truck, Randy Easterling, and his employer, Transportation Distribution Company ("TDC") – both co-defendants with Great West – were negligent and that their negligence resulted in her damages. As a result, Berry brought this action in Tulsa County District Court, alleging negligence against

Easterling and TDC and a claim against Great West under 47 *Okla. Stat*. § 169.[1]  On August 28, 2012, defendants removed the action to this Court.

## II. Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In considering a summary judgment motion, the courts determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 at 251-52. The evidence of the non-movant is to be taken as true, and all justifiable inferences are to be drawn in non-movant's favor. *Anderson*, 477 U.S. at 255; *see Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment. . . ." *Anderson*, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

"When the moving party has carried its burden under Rule 56[a], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations omitted). When the record, taken as a whole, "could not lead a rational trier of fact to find for

---

[1] 47 *Okla. Stat*. § 169 is considered the predecessor to 47 *Okla. Stat*. § 230.30, which is part of the Motor Carrier Act of 1995. In their respective briefing, Berry and Great West both seem to agree that § 230.30 is the statute at issue and the Court will thus refer solely to § 230.30 throughout the remainder of this opinion.

the non-moving party, there is no genuine issue for trial." *Id*. (quotations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. *Garratt v. Walker*, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III. Discussion

Great West's primary basis for seeking summary judgment is its contention that federal law does not permit the direct joinder of insurance carriers because it would constitute an "unreasonable burden" on interstate commerce. Great West does not suggest that § 230.22 is inapplicable to it, but instead maintains in essence that the Oklahoma statute is trumped by 49 U.S.C. § 14504a. Critical to a determination of whether Great West's argument has merit is the language of § 230.22 of the Oklahoma Motor Carrier Act of 1995 and 49 U.S.C. § 14504a – which Great West maintains are in direct conflict.

Oklahoma law – specifically, 47 *Okla. Stat*. § 230.30 – provides insurance requirements for common carriers and has been interpreted as "creat[ing] a direct cause of action by a person injured by operation of a motor carrier against the motor carrier's insurer." *See, e.g., Mize v. Liberty Mut. Ins. Co.*, 393 F. Supp. 2d 1223, 1226 (W.D. Okla. 2005). The federal statute relied upon by Great West, § 14505a(c), states as follows:

> (c) **Unreasonable burden**.--For purposes of this section, it shall be considered an unreasonable burden upon interstate commerce for any State or any political subdivision of a State, or any political authority of two or more States--

(1) to enact, impose, or enforce any requirement or standards with respect to, or levy any fee or charge on, any motor carrier or motor private carrier providing transportation or service subject to jurisdiction under subchapter I of chapter 135 (in this section referred to as an "interstate motor carrier" and an "interstate motor private carrier", respectively) in connection with--

> (A) the registration with the State of the interstate operations of the motor carrier or motor private carrier;
>
> (B) the filing with the State of information relating to the financial responsibility of a motor carrier or motor private carrier pursuant to sections 31138 or 31139;
>
> (C) the filing with the State of the name of the local agent for service of process of the motor carrier or motor private carrier pursuant to section 503 or 13304; or
>
> (D) the annual renewal of the intrastate authority, or the insurance filings, of the motor carrier or motor private carrier, or other intrastate filing requirement necessary to operate within the State if the motor carrier or motor private carrier is--
>
>> (i) registered under section 13902 or section 13905(b); and
>>
>> (ii) in compliance with the laws and regulations of the State authorizing the carrier to operate in the State in accordance with section 14501(c)(2)(A); except with respect to--
>>
>>> (I) intrastate service provided by motor carriers of passengers that is not subject to the preemption provisions of section 14501(a);
>>>
>>> (II) motor carriers of property, motor private carriers, brokers, or freight forwarders, or their services or operations, that are described in subparagraphs (B) and (C) of section 14501(c)(2); and
>>>
>>> (III) the intrastate transportation of waste or recyclable materials by any carrier; or

(2) to require any interstate motor carrier or motor private carrier that also performs intrastate operations to pay any fee or tax which a carrier engaged exclusively in intrastate operations is exempt.

49 U.S.C. § 14504a(c).[2]  Section 14504 does not purport to impose any limitation on the ability of a state to determine whether a plaintiff should be able to seek direct liability against an insurer of motor carriers as a matter of state law.  As such, § 230.30 does not impose an "unreasonable burden" on interstate commerce under § 14504, nor does § 230.30 conflict with § 14504a.  In addition, the Court notes that § 14501 of the Interstate Commerce Act expressly reserves "the authority of a State to regulate carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization."  Section 230.30 is precisely that – a regulation relating to insurance requirements for common carriers.

Great West also argues that it will be prejudiced by its inclusion as a party in the trial of this matter – ostensibly because jurors are more likely to find in favor of a defendant if they know the defendant has liability insurance or will otherwise render an excessive verdict.

This argument has been considered by the Tenth Circuit and squarely rejected:

> The direct action was authorized by state substantive law and joinder of the carrier's insurer in the personal injury action is proper. And "joinder of the motor carrier and its insurer being proper in this case, the general rule against references to liability insurance does not apply."

*Blanke v. Alexander*, 152 F.3d 1224, 1230 (10th Cir. 1998).  The Oklahoma Supreme Court as well previously reached the same conclusion:

> The Legislature, by authorizing the joinder as party defendants a motor carrier *and its insurance carrier*, in effect determined that when the liability insurance policy or bond is filed and the certificate of convenience or necessity is issued, no prejudice results from such joinder. Stated in another way, the Legislature by authorizing the joinder of the insurance carrier, has in effect determined that

---

[2]  Great West's supplemental brief does not accurately quote the statute, as it omits, and indeed makes it appear as though the statute lacks, the enumerated limitations found in subparts (A)-(D), which relate to the type of state regulation to which the statute applies.  (*See* Doc. 87, at 2).  The Court is troubled by the fact that Great West inserted a period where Congress did not, thereby materially altering the meaning of the cited provision and misleading the Court on an issue central to the instant summary judgment proceeding.  Counsel should be prepared to discuss this issue at the pretrial conference.

> knowledge of insurance liability is not prejudicial to the right of the motor carrier or to its insurance carrier.

*Oklahoma Transp. Co. v. Claiborn*, 1967 OK 77, 434 P.2d 299, 303 (italics added).  This issue has been decided.  There is no good faith basis for the defendant's argument that it should be dismissed because reference its status as an insurance company would be overly prejudicial.

**IT IS THEREFORE ORDERED** that defendant Great West Casualty Company's Motion for Summary Judgment and Brief in Support (Doc. 58) is **denied**.

**SO ORDERED** this 8th day of November, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE